**F I L E D**
CLERK, U.S. DISTRICT COURT

**07/07/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CHRISTOPHER JOHN BADSEY,<br><br>        Defendant. | No. 8:21-cr-00124-JLS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Laundering Monetary Instruments; 18 U.S.C. §§ 981 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343, 2(a)]

A.    THE SCHEME TO DEFRAUD

    1.    Beginning on an unknown date, but no later than in or around June 2020, and continuing through at least in or around July 2020, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant CHRISTOPHER JOHN BADSEY, together with Co-Schemer 1 and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with the

1  intent to defraud, devised, participated in, and executed a scheme to

2  defraud Victim Companies 1, 2, and 3 as to material matters, and to

3  obtain money and property from Victim Companies 1, 2, and 3 by means

4  of material false and fraudulent pretenses, representations, and

5  promises, and the concealment of material facts.

6      2.    The scheme to defraud operated, in substance, as follows:

7          a.    Defendant BADSEY would falsely represent to Victim

8  Companies 1, 2, and 3 that he had access to millions of boxes of

9  medical-grade nitrile gloves, personal protective equipment that was

10 in high demand and short supply during the COVID-19 pandemic.

11         b.    Through the company that he owned and controlled,

12 First Defense International Security Services Corporation ("FDI"),

13 defendant BADSEY would enter into contractual agreements with

14 representatives from Victim Companies 1, 2, and 3 to sell them

15 millions of boxes of medical-grade nitrile gloves.

16         c.    Defendant BADSEY would tell Victim Companies 1, 2, and

17 3 that before the sales were completed, Victim Companies 1, 2, and 3

18 were required to pay deposits upwards of $1 million to FDI in order

19 to inspect the gloves at a warehouse in Los Angeles, when, in fact,

20 defendant BADSEY did not have any gloves stored in any warehouse.

21         d.    Defendant BADSEY would instruct representatives of

22 Victim Companies 1, 2, and 3 to transmit the deposits by wire

23 transfer to bank accounts controlled by defendant BADSEY, Co-Schemer

24 1, and/or FDI.

25         e.    Through the scheme, defendant BADSEY fraudulently

26 obtained a total of at least $1,174,990 of Victim Company 1's monies,

27 $1,057,000 of Victim Company 2's monies, and $1,000,000 of Victim

28 Company 3's monies.

B.    USE OF INTERSTATE WIRES

3.    On or about the dates set forth below, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendant BADSEY, for the purpose of executing the above-described scheme to defraud, caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| ONE | 6/15/2020 | $1,174,990 deposit from Victim Company 1 to defendant BADSEY's Bank of America account |
| TWO | 6/17/2020 | $787,000 partial deposit from Victim Company 2 to defendant BADSEY's Bank of America account |
| THREE | 6/17/2020 | $270,000 partial deposit from Victim Company 2 to defendant BADSEY's Bank of America account |
| FOUR | 7/2/2020 | $1,000,000 deposit from Victim Company 3 to Co-Schemer 1's Union Bank of California account |

3

COUNT FIVE

[18 U.S.C. § 1957]

On or about June 17, 2020, in Orange County, within the Central District of California, defendant CHRISTOPHER JOHN BADSEY knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds he knew to be criminally derived property, which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Four of this Indictment, by sending a cashier's check in the amount of $250,000 from a Bank of America account to C.S., a resident of Louisiana.

4

COUNT SIX

[18 U.S.C. § 1957]

On or about June 19, 2020, in Orange County, within the Central District of California, defendant CHRISTOPHER JOHN BADSEY knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds he knew to be criminally derived property, which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Four of this Indictment, by purchasing a 1995 Cabo Yachts Sportfisher for $145,000, via cashier's check.

1                      FORFEITURE ALLEGATION ONE

2            [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3         1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 981(a)(1)(C) and Title 28, United States

7    Code, Section 2461(c), in the event of defendant CHRISTOPHER JOHN

8    BADSEY's conviction of any of the offenses set forth in Counts One

9    through Four of this Indictment.

10        2.   Defendant BADSEY, if so convicted, shall forfeit to the

11   United States of America the following:

12             (a)  All right, title, and interest in any and all

13   property, real or personal, constituting, or derived from, any

14   proceeds traceable to any such offense; and

15             (b)  To the extent such property is not available for

16   forfeiture, a sum of money equal to the total value of the property

17   described in subparagraph (a).

18        3.   Pursuant to Title 21, United States Code, Section 853(p),

19   as incorporated by Title 28, United States Code, Section 2461(c),

20   defendant BADSEY, if so convicted, shall forfeit substitute property,

21   up to the value of the property described in the preceding paragraph

22   if, as the result of any act or omission of defendant BADSEY, the

23   property described in the preceding paragraph or any portion thereof:

24   (a) cannot be located upon the exercise of due diligence; (b) has

25   been transferred, sold to, or deposited with a third party; (c) has

26   been placed beyond the jurisdiction of the court; (d) has been

27   substantially diminished in value; or (e) has been commingled with

28   other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of defendant CHRISTOPHER JOHN BADSEY's conviction of any of the offenses set forth in Counts Five and Six of this Indictment.

2.    Defendant BADSEY, if so convicted, shall forfeit to the United States of America the following:

(a)  Any property, real or personal, involved in any such offense, and any property traceable to such property; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), defendant BADSEY, if so convicted, shall forfeit substitute property, if, by any act or omission of defendant BADSEY, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

7

course of the money laundering offense unless the defendant, in

committing the offense or offenses giving rise to the forfeiture,

conducted three or more separate transactions involving a total of

$100,000.00 or more in any twelve-month period.

A TRUE BILL

_____
Foreperson /S/

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

DANIEL H. AHN
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office