E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
KRISTIN N. SPENCER (Cal. Bar No. 294692)
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorneys
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    E-mail:    kristin.spencer@usdoj.gov
            melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CHRISTOPHER JOHN BADSEY,<br><br>        Defendant. | No. SA CR 21-124-JLS<br><br><u>GOVERNMENT'S MOTION FOR ORDER FINDING DEFENDANT IN BREACH OF PLEA AGREEMENT</u><br><br>Hearing Date: April 12, 2024<br>              10:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kristin Spencer and Melissa Rabbani, hereby moves the Court for an order finding defendant Christopher John Badsey in breach of the plea agreement filed in this matter on April 7, 2023.

At a hearing in this matter on February 9, 2024, the government

notified defendant's newly appointed counsel, Patrick McLaughlin, of the substance of this motion.

The government's motion is based upon the attached memorandum of points and authorities, the attached declaration of Melissa Rabbani and exhibits thereto, the files and records in this case, and any other evidence or argument that the Court may permit.

Dated: February 23, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ Melissa S. Rabbani*
KRISTIN N. SPENCER
MELISSA S. RABBANI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Christopher John Badsey ("defendant") was charged with four counts of wire fraud and two counts of money laundering after falsely promising to sell millions of boxes of nitrile gloves to buyers in the early months of the COVID-19 pandemic.  Last year, just before trial, defendant signed a plea agreement.  Under the terms of the agreement, defendant promised, among other things, to plead guilty to the wire fraud counts and to be truthful in his communications with the United States Probation and Pretrial Services Office (the "USPO") and the Court.  In exchange, the government agreed to dismiss the money laundering counts and to recommend a sentence at the low end of the resulting Guidelines range.

Sentencing was initially scheduled for February 9, 2024. Defendant submitted a sentencing position on January 26, 2024, attaching a number of exhibits, including "multiple letters of support" from purported friends and acquaintances and a purported medical "record" documenting a brain cancer diagnosis from 2017.  See Dkt. 72 at 3; Dkt. 72-1 at 10, 12-28.  The USPO and the government contacted several of the purported authors of those character letters and learned not only that those letters had been forged, but that following his initial appearance in 2021, defendant forged the signature of his purported surety, Trevor Ullom, and used a copy of Mr. Ullom's driver's license without authorization.

Plainly, defendant has breached his plea agreement: he has been profoundly untruthful in his communications with this Court.

The government respectfully requests that the Court enter an order finding that defendant has breached his plea agreement.  Upon

such a finding, the government will be released from its obligations under the plea agreement, including its promise to recommend a sentence at the low end of the applicable Guidelines range.

## II. RELEVANT FACTS

Defendant's sentencing position attaches character references from seven people: Frances Smith, a family counselor who worked with defendant and his daughter; Trevor Ullom, who worked with defendant in the Boy Scouts of America; Steve Morris, a retired Navy officer and Special Agent who "share[d] a close bond of friendship of 33 years" with defendant; David Brackmann, a "licensed broker" who has known defendant for "31 years"; Marco Antonnio Ribas, who "share[d] a close bond of friendship of more than twenty three years of business, fishing, and friendship" with defendant; John Cooper, a "retired deputy Orange County Sheriff" who has "personally known" defendant for 25 years; and Wayne Harmond, a construction executive who has been friends with defendant for 18 years.  Dkt. 72-1 at 12-28.  The sentencing position also attaches a purported medical record from St. Joseph Health, dated in June 2017, diagnosing defendant with "Frontal Lobal Stage IV cancer" and affirming that the "Frontal Lobal Tumor" causes "behavioral, and emotional changes, impaired Judgement, memory loss, paralysis on one side of the body, reduced mental abilities and vision loss."  Dkt. 72-1 at 10.

On their face, many of the documents defendant submitted appear questionable.  Many of the character references are written in a similar style, and several refer to the same or similar seemingly irrelevant details.  The purported medical record clearly does not look like an authentic medical record and is replete with spelling and grammatical errors.

After reviewing defendant's sentencing position, U.S. Probation Officer Leslie de la Torre contacted several of the purported authors of the character letters.  David Brackmann confirmed that he knew defendant and that he, along with several more of the purported authors – Marco Ribas, Steve Morris, and Wayne Harmond – had met defendant on fishing expeditions.  Declaration of Melissa Rabbani ("Rabbani Decl.") ¶ 4.  However, Mr. Brackmann told Officer de la Torre that he did not write a character letter for defendant.  Id.  Mr. Brackmann also gave Officer de la Torre contact information for Mr. Morris and Mr. Harmond.  Id.

Officer de la Torre then contacted Mr. Morris and Mr. Harmond, both of whom denied writing any character letter for defendant.  Rabbani Decl. ¶ 5.  Mr. Harmond added that he had not had any contact with defendant for over 15 years.  Id.

Finally, Officer de la Torre contacted Robert Trevor Ullom, who stated that he had met defendant only four years ago and had not written any character letter for defendant.  Rabbani Decl. ¶ 6.  Officer de la Torre also sent Mr. Ullom a surety form that defendant submitted to the Court in July 2021, purporting to bear Mr. Ullom's signature and containing his address and the last four digits of his Social Security Number.  Officer de la Torre also sent Mr. Ullom a copy of Mr. Ullom's driver's license that the Federal Public Defender's office had sent to the government when seeking approval of the surety form.  Id. ¶ 7; Dkts. 14, 15.  Mr. Ullom told Officer de la Torre that he had never signed the surety form.  He also explained that he had sent a copy of his driver's license to defendant years ago when applying for a job with defendant's company, but had not authorized defendant to use his license for the surety form.  Id.

3

**III. ARGUMENT**

Plea bargains are "contractual in nature" and subject to contract-law standards. United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997). Thus, "either party can be said to 'breach' a plea bargain if it fails to live up to the promises it made under the terms of the agreement." Id. Where a defendant has breached the plea agreement, "courts have found the government to be free from its obligations." Id. (citations omitted). The government bears the burden of demonstrating a defendant's breach by a preponderance of the evidence. United States v. Plascensia-Orozco, 852 F.3d 910, 920 (9th Cir. 2017) (citing United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988)).

Here, the plea agreement plainly requires defendant to "[b]e truthful at all times with the United States Probation and Pretrial Services Office and the Court." Dkt. 57 at 2(f).

The evidence in this case makes abundantly clear that defendant knowingly and willfully submitted forged and fraudulent documents to this Court – first in 2021 to secure his release on bond, and again in 2024 in the hopes of lowering his sentence. Defendant has repeatedly failed to be truthful in his communications with the Court. He has repeatedly and willfully breached the terms of his plea agreement, and the government should be released from its obligations under that agreement.

**IV. CONCLUSION**

As set forth above, the government respectfully requests that this Court enter an order finding that defendant has breached the plea agreement filed on April 7, 2023, and that the government is released from its obligations under that agreement.

4