PATRICK W. McLAUGHLIN (State Bar No. 89657)
LAW OFFICE OF PATRICK W. McLAUGHLIN
 205 South Broadway, Suite 902
Los Angeles, CA. 90012
Telephone: (213) 437-0122
Email: pwmclaughlin50@gmail.com

Attorney for Defendant
CHRISTOPHER BADSEY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>       vs.<br><br>CHRISTOPHER BADSEY,<br><br>                Defendant. | CASE NO. CR SA 21-124-JLS<br><br>**DEFENDANT CHRISTOPHER BADSEY'S SUPPLEMENTAL SENTENCING MEMORANDUM; EXHIBITS**<br><br>Sentencing Date: August 23, 2024<br>Time: 9:30 a.m.<br>Location: Courtroom of the Honorable Josephine L. Staton |
|---|---|

1

Defendant Christopher Badsey, through counsel, hereby submits his Supplemental Sentencing Memorandum, including Exhibits.

Mr. Badsey would like the opportunity to address the court at the sentencing hearing in this matter.

Date: August 19, 2024          Respectfully submitted:

                               LAW OFFICE OF PATRICK W. McLAUGHLIN

                               By:   ___/s/_____
                                    PATRICK W. McLAUGHLIN
                                    Attorney for Defendant
                                    CHRISTOPHER BADSEY

# I.

# INTRODUCTORY COMMENTS

On April 13, 2023, Defendant Christopher Badsey, through counsel, pleaded guilty to Counts One through Four of the Indictment. Mr. Badsey has been in custody since February 9, 2024.

In its Revised Letter of Recommendation, the U.S. Probation office recommended a 78-month term of imprisonment, a three-year term of supervised release, and a special assessment fee of $400. A 78-month term of imprisonment is at the very top of the advisory Sentencing Guidelines range of 63-78 months. Mr. Badsey contends such a sentence is far too severe.

The government has recommended a 72-month term of imprisonment, in the middle of the advisory Sentencing Guidelines range. Mr. Badsey contends that the recommendation by the government is also too severe.

This Court is respectfully requested to follow the defense's sentencing recommendation and sentence defendant Christopher Badsey ("Mr. Badsey") to a term of imprisonment of one year and one day, a three-year term of supervised release, and a special assessment of $400.00. This sentence properly reflects the interests of justice while taking into account society's interests, including deterrence.

Moreover, there are mitigating circumstances present for Mr. Badsey. He is the father of Bianca, his young daughter who was living with Mr. Badsey until his arrest on February 9, 2024. Bianca is now living with her mother who, as described below, appears completely incapable of raising Bianca in a loving and nurturing manner. Society will not benefit if a significant prison sentence is imposed on Mr. Badsey because it will mean that Bianca will continue living with her mother, or be sent to live in foster care. Mr. Badsey wishes to be reunited with Bianca as soon as possible.

Mr. Badsey does not dispute the significance of the laws he violated or his conduct that initially led to his release on bond, and disclosure of falsified letters of recommendation and medical records. Mr. Badsey is eager to demonstrate that he is

a changed man and that the decisions he has made that led to his indictment and the necessity to appoint new counsel do not define him.

Mr. Badsey requests compassion. He stands before the Court as a man who has knowingly violated the laws of the United States. For the aforementioned reasons and those specified below, the Court should sentence Mr. Badsey to a one year and one day term of imprisonment, a three-year term of supervised release, and a special assessment of $400.00.

**A.  The Court Should Depart Downward and/or Apply a Variance.**

When a court is analyzing a departure, it should consider the following: (1) the features of the case that take it outside the Guidelines' "heartland" and make it special or unusual; (2) whether the United States Sentencing Commission (the "Commission" or "USSC")) has forbidden departures based on those features; (3) whether the Commission has encouraged departures based on those features; and (4) whether the Commission has discouraged departures based on those features. *Koon v. United States*, 518 U.S. 81, 94 (1996). Mr. Badsey's personal life, particularly the need to care for his young daughter, take this case out of the Guidelines' "heartland" and make it unusual. *See id.* The facts discussed below support the imposition of a reduced sentence.

**B.  Mr. Badsey's Circumstances Call for a Reduced Sentence.**

When analyzing the type of sentence to impose, the district court must consider "…the nature and circumstances of the offense and the history and characteristics of the defendant…" 18 U.S.C. § 3553(a)(1). Mr. Badsey acknowledges that he engaged in criminal conduct and he has entered guilty pleas to four counts of the indictment. Mr. Badsey has no prior felony convictions and only one prior misdemeanor, which places him in Criminal History Category II.

Mr. Badsey's Criminal History is overstated for the reasons stated in the original Sentencing Memorandum filed by prior counsel. Furthermore, it is not clear from the

misdemeanor docket sheet (attached hereto as Exhibit A) whether Mr. Badsey actually served "90 days in jail." Mr. Badsey contends that he served no time in custody on his misdemeanor conviction. Mr. Badsey contends that this Court should find that he belongs in Criminal History Category I, instead of Criminal History Category II.

Based on the factors described in this Supplemental Sentencing Memorandum, Defendant Christopher Badsey respectfully requests, through counsel, that he be sentenced to one year and one day in custody. In addition, he should be placed on supervised release for a term of three years. Such a sentence would be "sufficient but not greater than necessary" to effectuate justice in this case and would satisfy the sentencing factors set forth in 18 U.S.C. §3553(a).

## II.
## ACCEPTANCE OF RESPONSIBILITY

Mr. Badsey agrees that he should not receive a three-level reduction for acceptance of responsibility for the reasons that led to the appointment of new counsel.

## III.
## COMMENTS ON THE PRESENTENCE REPORT

Mr. Badsey "understand[s] that the court must consult the United States Sentencing Guidelines and take them into account when sentencing together with the factors set forth in 18 U.S.C. §3553(a)."

In the PSR, the United States Probation Office determined the total offense to be 25. PSR ¶82. If Mr. Badsey is in Criminal History Category II, this corresponds to an advisory Sentencing Guidelines range of 63-78 months. PSR ¶163. However, if the Court finds that Criminal History Category II overstates Mr. Badsey's criminal history, the range would be 57-71 months.

## IV.
## THE HISTORY AND CHARACTERISTICS OF CHRISTOPHER BADSEY SUPPORT THE REQUESTED SENTENCE OF ONE YEAR AND ONE DAY

In <u>Gall v. United States</u>, 552 U.S. 38 (2007), the U.S. Supreme Court advised that in addition to considering the Guidelines, the "district court should…consider all

the 3533(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the court] may not presume that the Guidelines range is reasonable. [The court] must make an individualized assessment based on the facts presented." Gall at 596-597.

Furthermore, "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" Pepper v. United States, 562 U.S. 476 (2011) quoting Koon v. United States, 518 U.S. 81, 113 (1996).  The Supreme Court has found that "[u]nderlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime.'"  Id. at 1240, quoting Williams v. People of the State of New York, 337 U.S. 241, 247 (1949).  The Supreme Court has "emphasized that [h]ighly relevant – if not essential – to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

In keeping with the above, the following background information about Christopher Badsey is presented to the Court in the spirit of 18 U.S.C. §3661, which states that "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

A.   **Family Background**

Christopher Badsey was born on January 3, 1961 in South Africa.  Mr. Badsey's mother was not involved in his upbringing.  Mr. Badsey had a very difficult childhood. His father was an alcoholic who beat Mr. Badsey with his fists.  PSR ¶s 109, 112.

B.   **Relationships and Children**

Mr. Badsey is single, has never been married, but has four minor children from two previous relationships.  Of particular note is his 11-year-old daughter, Bianca.  As can be seen from the letter from Transforming Lives Counseling (Exhibit B) and the

letter from Celebrating Life Community Health Clinic (Exhibit C), Bianca needs to be reunited with her father.

In further support of Mr. Badsey's desire to once again become the primary caregiver of Bianca, is the declaration of Giselle Couture (Exhibit D) filed in Orange County Superior Court Case No. 17P001610. Ms. Couture's declaration sets forth in vivid detail what occurred after Mr. Badsey's arrest on February 9, 2024.

## V.
## A REVIEW OF THE §3553(A) FACTORS SUPPORTS THE REQUESTED SENTENCE

Under the principles set forth in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the United States Sentencing Guidelines are now, of course, purely advisory. The Guidelines are one among a number of factors that sentencing courts are directed to assess in imposing a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Neither §3553(a) nor <u>Booker</u> suggests that any of these factors is individually paramount. All of them, however, are controlled by §3553(a)'s mandate to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing.

Numerous appellate decisions from various circuit courts have clarified the role and approach of the sentencing court in the post-Booker era. The Ninth Circuit has held that "Booker empowered district courts, not appellate courts.... [and] breathe[d] life into the authority of district court judges to engage in individualized sentencing." <u>United States v. Whitehead</u>, 532 F.3d 991, 993 (9th Cir. 2008) (citations omitted). The Ninth Circuit has also determined that in weighing the sentencing decisions of a district court, the proper standard is abuse of discretion, and it will not "second guess" the court's conclusions so long as they are reasonable. <u>United States v. Menyweather,</u> 447 F.3d 625, 633 (9th Cir. 2006).

Further, the Seventh Circuit has stated that post-<u>Rita</u> "[t]he district courts must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based

on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States. v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) (referencing *Rita v. United States,* 551 U.S. 338 (2007)).

Since his arrest on February 9, 2024, Mr. Badsey has made good use of his time at the Metropolitan Detention Center ("MDC"). He has been designated as a Suicide Watch Companion (Exhibit E). Mr. Badsey has been entrusted with the responsibility of keeping an eye on fellow inmates who might be contemplating suicide.

Mr. Badsey does not dispute that this is a serious case. He has entered guilty pleas to four significant federal offenses. However, his role of a loving, caring father to Bianca, coupled with his responsibilities as a Suicide Watch Companion at MDC show a very different, positive side of Mr. Badsey.

## VI.

## CONCLUSION

Based on the aforementioned factors, defendant Christopher Badsey, through counsel, respectfully requests that he receive a one year and one day term of imprisonment, to be followed by a three-year term of supervised release, and a $400.00 special assessment. Such a sentence would be "sufficient but not greater than necessary" to achieve justice in this case, and would fulfill the sentencing factors set forth at 18 U.S.C. §3553(a).

Date: August 19, 2024      Respectfully submitted:

LAW OFFICE OF PATRICK W. McLAUGHLN

By  /s/_____
    PATRICK W. McLAUGHLIN
    Attorney for Defendant
    CHRISTOPHER BADSEY